# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1218V
Filed: May 9, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * <br> JOHN RAJOTTE, <br>                     Petitioner, <br> v. <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br>                     Respondent. <br> * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED <br><br> Special Master Hamilton-Fieldman <br><br> Final Attorneys' Fees and Costs; <br> Reasonable Amount Requested <br> to which Respondent Does Not <br> Object. |

<u>Leah Durant</u>, Law Offices of Leah V. Durant, PLLC, Washington, D.C., for Petitioner.
<u>Justine Walters</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 19, 2015, John Rajotte ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). In his petition, Petitioner alleges that an influenza ("flu") vaccination administered on October 22, 2012 caused him to suffer from Guillain-Barré syndrome ("GBS"). On March 21, 2016, the undersigned issued a 15-Week Order on the basis of the parties' representation that they had reached a tentative agreement in this case. The undersigned has not yet issued a decision on entitlement.

On May 9, 2016, Petitioner filed an Application for Attorneys' Fees and Costs. In his motion, Petitioner requests compensation for $19,304.02 in attorneys' fees and costs. Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

represents that the entirety of this amount was incurred by his counsel; he has not personally incurred any fees or costs in pursuit of his vaccine claim. Petitioner also represents that Respondent has no objection to a fees and costs award for the amount requested.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $19,304.02, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Leah Durant.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).